**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000605
18-JUN-2015
01:23 PM**

NO. CAAP-12-0000605 and CAAP-12-0000798

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
JAKE RAGRAGOLA-LENCHANKO, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
'EWA DIVISION
(Case No. 1DTA-11-05118)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Jake Ragragola-Lenchanko
(Ragragola-Lenchanko) appeals from the May 29, 2012 Judgment and
August 14, 2012 Order disposing of certain post-judgment motions
entered by the District Court of the First Circuit, 'Ewa Division
(District Court).[1] Ragragola-Lenchanko was convicted of
Operating a Vehicle Under the Influence of an Intoxicant (OVUII),
in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1)
(Supp. 2014).[2]

---

[1] The Honorable T. David Woo, Jr. presided.

[2] HRS § 291E-61(a) states:

§291E-61 **Operating a vehicle under the influence of
an intoxicant.** (a) A person commits the offense of
operating a vehicle under the influence of an intoxicant if
the person operates or assumes actual physical control of a
vehicle:

(continued...)

In this consolidated appeal, Ragragola-Lenchanko contends, in CAAP-12-0000605, that (1) the Complaint failed to allege the requisite *mens rea*, and the District Court erred by allowing the Complaint to be amended to state the requisite *mens rea*; (2) the Amended Complaint was defective because the charge was pleaded in the disjunctive; (3) the District Court failed to adequately advise Ragragola-Lenchanko of his rights, pursuant to Tachibana v. State, 79 Hawai'i 226, 900 P.2d 1293 (1995) and State v. Lewis, 94 Hawai'i 292, 12 P.3d 1233 (2000); (4) a continuance should have been granted to review discovery made available immediately prior to trial, the denial of which amounted to a reversal of a pretrial discovery order by another judge; and (5) the results of Ragragola-Lenchanko's breath test from an Intoxilyzer should not have been admitted.

In appeal CAAP-12-0000798, Ragragola-Lenchanko contends that (6) he timely filed a Motion to Arrest Judgment and a Motion to Vacate, Correct and/or Reduce Sentence, thereby tolling the time to file a Notice of Appeal and, thus his appeals are timely; (7) his Motion to Arrest Judgment should have been granted because the District Court lacked jurisdiction to allow the Complaint to be amended; (8) the judge should have recused himself based upon Ragragola-Lenchanko's Motion for New Trial; (9) Ragragola-Lenchanko's illegal sentence should have been vacated or corrected pursuant to a Motion to Vacate, Correct

---

[2](...continued)

(1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty;

(2) While under the influence of any drug that impairs the person's ability to operate the vehicle in a careful and prudent manner;

(3) With .08 or more grams of alcohol per two hundred ten liters of breath; or

(4) With .08 or more grams of alcohol per one hundred milliliters or cubic centimeters of blood.

and/or Reduce Sentence; and (10) the District Court should have granted his Motion for Entry of Order to enter a written order Ragragola-Lenchanko prepared based upon a prior discovery order orally granted by another judge.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Ragragola-Lenchanko's points of error as follows:

(1) Ragragola-Lenchanko's claim that the District Court lacked jurisdiction to permit the State to amend the Complaint is without merit. Under Hawai'i Rules of Penal Procedure (HRPP) Rule 7(f)(1), the District Court had discretion to permit the State to amend the charge in the Complaint before trial "if the substantial rights of the defendant are not prejudiced." State v. Kam, 134 Hawai'i 280, 286-87, 339 P.3d 1081, 1087-88 (App. 2014) (district court did not err by allowing State to amend OVUII charge to include *mens rea*), cert. granted 2015 WL 1526201 (Apr. 2, 2015). Ragragola-Lenchanko does not claim that his substantial rights were prejudiced by the amendment of the Complaint to include the requisite *mens rea* for OVUII.

(2) The Amended Complaint was not defective for being pleaded in the disjunctive. Ragragola-Lenchanko points to the language of the charge which states he:

> did intentionally, knowingly, **or** recklessly operate **or** assume actual physical control of a vehicle upon a public way, street, road, **or** highway while under the influence of alcohol in an amount to impair mental faculties **or** ability to care for himself and guard against casualty; and/or operate or assume actual physical control of a vehicle upon a public way, street, road, **or** highway with .08 **or** more grams of alcohol per two hundred ten liters of breath
> . . . .

Ragragola-Lenchanko claims that the charge was improperly pleaded in the disjunctive and therefore did not provide him with sufficient notice of the charge against him.

"[A]cts may be charged disjunctively when the words used charge similar or analogous forms of conduct that are codified in a single subsection of a statute." State v.

3

Codiamat, 131 Hawai'i 220, 227, 317 P.3d 664, 671 (2013) (citing State v. Nesmith, 127 Hawai'i 48, 51, 276 P.3d 617, 620 (2012)). Ragragola-Lenchanko was charged with violating two different subsections of HRS § 291E-61: (a)(1) and (a)(3). Thus, the language within each subsection in the Amended Complaint may be charged in the disjunctive. The Amended Complaint properly stated "and/or" when charging the two subsections in the alternative. State v. Batson, 73 Haw. 236, 250, 831 P.2d 924, 932 (1992); State v. Cabral, 8 Haw. App. 506, 510-11, 810 P.2d 672, 675-76 (1991).[3]

(3) Ragragola-Lenchanko claims that the District Court erred by failing to advise him that the decision to remain silent could not be used against him and that he was not advised that he had a right not to testify. The State admits that the District Court did not advise Ragragola-Lenchanko of those rights.

Ragragola-Lenchanko was not properly advised during a pre-trial colloquy required by State v. Lewis, 94 Hawai'i 292, 297, 12 P.3d 1233, 1238 (2000) (prior to the start of trial, the court is required to inform the defendant of the right to testify or not testify and that prior to the end of trial that the decision to not testify is the defendant's own) and the ultimate colloquy required by Tachibana v. State, 79 Hawai'i 226, 234, 237, 900 P.2d 1293, 1301, 1304 (1995) (court must inform defendant of the right to testify immediately prior to the close of the defendant's case). However, "Tachibana does not require that the court engage in the colloquy if the defendant chooses to testify in his or her own behalf." Lewis, 94 Hawai'i at 296, 12 P.3d at 1237. Ragragola-Lenchanko testified at trial, therefore, Tachibana is inapplicable. Ragragola-Lenchanko also makes no claim that his decision to do so was not voluntarily, knowingly,

---

[3] Ragragola-Lenchanko did not claim that he did not understand the term "alcohol" in the Amended Complaint prior to trial. Therefore, the claim is waived and is not plain error. See Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(4) and State v. Turping, CAAP-13-0002957, 2015 WL 792715 (App. Feb. 25, 2015) cert. denied, SCWC-13-0002957, 2015 WL 3381360 (May 25, 2015).

and intelligently made. Thus, there can be no finding of error in this case. State v. Monteil, 134 Hawai'i 361, 373, 341 P.3d 567, 579 (2014).

(4) Ragragola-Lenchanko argues that Judge Dean Ochiai's May 1, 2012 order for disclosure of discovery relating to the Intoxilyzer 8000 breath alcohol testing machine ought to have been upheld by the District Court,[4] that a continuance should have been granted to him because the prosecution provided discovery on the morning of trial, and the District Court should have made this proffered discovery part of the record for the purposes of review.

Ragragola-Lenchanko alleges Judge Woo erred in "overturning" Judge Ochiai's order to disclose discovery, and that, under Wong, a court should "be hesitant to modify, vacate or overrule a prior interlocutory order of another judge who sits in the same court[,]" unless "cogent reasons support the second court's action[.]" Wong v. City & County of Honolulu,, 66 Haw. 389, 395-96, 665 P.2d 157, 162 (1983) (emphasis omitted). However, the rule in Wong is not absolute; a subsequent judge may overturn or change an earlier ruling "once the facts are more fully developed, thus making obvious the prejudice which would result from enforcing the early ruling." State v. Oughterson, 99 Hawai'i 244, 254, 54 P.3d 415, 425 (2002) (citation and internal quotation marks omitted) (elaborating on Wong).

---

[4] The Order and Notice of Entry of Order read, in pertinent part,

Motion to amend complaint filed and served

hearing on motion had - granted in part and denied in part.
Maintenance log - granted
7 items in Ames v. Marsland [sic] - -gtd.

Motion to Compel Brady Materials denied

Motion in Limine 1 + 2 + Motion to Amend Complaint to be
heard on trial date.

State to provide discovery by 5/15/12.

No other order on this subject appears of record.

5

Ragragola-Lenchanko claims "there was no <u>cogent reason</u> for Judge Woo to overturn Judge Ochiai's ruling."

Ragragola-Lenchanko misconstrues Judge Ochiai's ruling. Judge Ochiai ruled that Ragragola-Lenchanko was to be provided with "the maintenance logs because previously the government has said it's been provided" and "the seven items specifically articulated in <u>Ames</u>. Nothing more, nothing less."

In <u>Marsland v. Ames</u>, 71 Haw. 304, 788 P.2d 1281 (1990), the Hawai'i Supreme Court ruled that seven of the forty-five items requested by the defendant in that case were discoverable. <u>Marsland</u>, 71 Haw. at 310-13, 788 P.2d 1285-86. The <u>Marsland</u> court separately noted that the prosecution averred that it had already provided some items of discovery, including "maintenance logs." Thus, it was unnecessary for the court to rule on this item. However, far from ruling that maintenance logs were discoverable under HRPP Rule 16, the <u>Marsland</u> court specifically held that the following item was not included in discovery authorized by this Rule:

> 16. A copy of all repair, calibration and maintenance records and memoranda (including the permanent record book and repair invoices) for the Intoxilyzer 4011AS used in this case for the 30 days preceding and 30 days subsequent to the date of the Defendant's test; and the original records for the life of the Intoxilyzer 4011AS used in this case to be made available for inspection and photocopying by Defendant's attorney. (Citation omitted).

<u>Marsland</u>, 71 Haw. at 315, 788 P.2d at 1287. Therefore, <u>Marsland</u> does not stand for the proposition that maintenance logs are discoverable under HRPP Rule 16. Judge Ochiai's order included maintenance logs because "the government has said it's been provided."

Nevertheless, on the morning of trial before Judge Woo, the prosecution represented to the trial court that the two maintenance logs relevant to this case were already provided in discovery to Ragragola-Lenchanko, and that it had brought to court that day, for Ragragola-Lenchanko to view, maintenance logs going back ten years. Although Ragragola-Lenchanko related to Judge Woo that there was an "outstanding order to provide the

maintenance logs for the Intoxilyzer 8000[,]" this was far from clear. Judge Ochiai's order did not specify production of maintenance logs beyond those already provided and Marsland does not require that they be provided at all.

On this record, it does not appear that the District Court overturned a previous order. As the previous order did not clearly mandate the production of additional maintenance logs, the District Court did not abuse its discretion when it refused to grant a continuance to allow Appellant to review additional logs actually produced and to make those logs a part of the record.

(5) Ragragola-Lenchanko claims the District Court erred by admitting the result of his breath test from the Intoxilyzer. His claim that his breath test results should have been suppressed because they were unlawfully obtained is without merit. State v. Won, 134 Hawai'i 59, 332 P.3d 661 (App. 2014) cert. granted, No. SCWC-12-0000858, 2014 WL 2881259 (Jun. 24, 2014). The State is not required to show compliance with manufacturer recommendations to lay a sufficient foundation for the admission of test results. State v. Hsu, 129 Hawai'i 426, 301 P.3d 426, No. CAAP-10-0000214, 2013 WL 1919514 at *1-2 (App. May 9, 2013) (SDO) cert. denied, SCWC-10-0000214, 2013 WL 4459000 (Aug. 20, 2013).[5] We also reject Ragragola-Lenchanko's argument that the breath test results were admitted in violation of his due process rights and right to discovery. Id., 2013 WL 1919514 at *2-3; State v. Richardson, 135 Hawai'i 217, 347 P.3d 1023, No CAAP-12-0000775, 2015 WL 1959206 at *3 (App. Apr. 30, 2015) (SDO).

---

[5] We also reject Ragragola-Lenchanko's claim that the references in Hawaii Administrative Rules (HAR) § 11-114-5(b) with respect to model specifications of the National Highway Traffic Safety Administration (NHTSA) and to conforming products lists, do not exist. The references in HAR § 11-114-5(b) are to notices contained in the Federal Register from the United States Department of Transportation (DOT) NHTSA. For example, Volume 49 of the Federal Register at pages 48854-48865 contains notices from the DOT NHTSA dated December 14, 1984, regarding "Highway Safety Programs; Model Specifications for Calibrating Units for Breath Alcohol Testers; Publication of Conforming Products List."

Finally, Ragragola-Lenchanko confusingly argues that a "'certified letter' purportedly approving the internal standards test in lieu of an actual accuracy verification test and the Supervisors' Sworn Statements" were improperly admitted. He does not identify where in the record the "certified letter" to which he refers was admitted into evidence. We therefore deem his challenge to this evidence, if it was in fact admitted, waived. The "Supervisors' Sworn Statements" appear in the record as State's Exhibits 1 and 2. However, contrary to Ragragola-Lenchanko's argument, the District Court did not merely take judicial notice of them, but rather admitted them as self-authenticating documents. Hawai'i Rules of Evidence Rule 902 (1993 and Supp. 2014).

(6-10) With respect to the denial of Ragragola-Lenchanko's Motion for New Trial, Motion to Vacate, Correct and/or Reduce Sentence (Motion to Correct Sentence), Motion to Arrest Judgment, and Motion for Entry of Order, it appears the District Court denied the motions on the basis that it lacked jurisdiction to rule on the motions once Ragragola-Lenchanko filed a Notice of Appeal on June 28, 2012.

"[T]he general rule is that the filing of a notice of appeal divests the trial court of jurisdiction over the appealed case," State v. Ontiveros, 82 Hawai'i 446, 448-49, 923 P.2d 388, 390-91 (1996) (quoting Richardson v. Sport Shinko (Waikiki Corp.), 76 Hawai'i 494, 500, 880 P.2d 169, 175 (1994)) (internal quotation marks omitted), assuming the notice of appeal is valid. Id., at 449, 923 P.2d at 391 (citing State v. Johnston, 63 Haw. 9, 619 P.2d 1076 (1980)) ("Where the notice of appeal is jurisdictionally defective, filing the notice does not transfer jurisdiction from the trial court to the appellate court."). "The case law in Hawai'i is clear that a notice of appeal has no effect if filed while a timely tolling motion is pending in the trial court." Richardson, 76 Hawai'i at 500, 880 P.2d at 175 (citing Kamaole Two Hui v. Aziz Enterprises, Inc., 9 Haw. App. 566, 571, 854 P.2d 232, 235 (1993)).

Two of Ragragola-Lenchanko's motions, a motion in arrest of judgment and a motion for new trial, were tolling motions under HRAP Rule 4(b)(2). Both motions must be filed within ten days of the finding of guilt. HRPP Rules 33 and 34. The finding of guilt was rendered and the judgment entered thereon was filed on May 29, 2012. HRAP Rule 4(b)(3). Although not filed until June 13, 2012, both motions were stamped "Received" by the district court on June 8, 2012, making the effective filing date for both motions June 8, 2012. Price v. Obayashi Hawaii Corp., 81 Hawai'i 171, 179, 914 P.2d 1364, 1372 (1996) (as long as documents are tendered within time period prescribed by court rules, the clerks of the court must file them). Thus, both were timely filed tolling motions and District Court had jurisdiction to decide those motions. Consequently, the District Court erred by denying those motions for lack of jurisdiction.

The District Court also had jurisdiction over the Motion to Correct Sentence. The court can correct an illegal sentence at any time, may decide a motion to correct sentence filed within ninety days of the imposition of sentence, and will not be deprived of jurisdiction to decide a motion to reduce sentence by the filing of a notice of appeal. HRPP Rule 35. Ragragola-Lenchanko's Motion to Correct Sentence was timely filed within 90 days of the sentence. Therefore, the District Court also had jurisdiction to rule upon this motion.

However, the District Court was correct in that it did not have jurisdiction to rule upon Ragragola-Lenchanko's Motion for Entry of Order. The motion is not a tolling motion and there is no authority that excludes it from the general rule that the filing of a notice of appeal divests the trial court of jurisdiction over the appealed case. Ontiveros, 82 Hawai'i at 448-49, 923 P.2d at 390-91.

Therefore, IT IS HEREBY ORDERED that the District Court of the First Circuit, 'Ewa Division's May 29, 2012, Notice of Entry of Judgment and/or Order and Plea/Judgment is affirmed.

9

The August 14, 2012, Notice of Entry of Judgment and/or Order and Plea/Judgment is vacated and the case is remanded for proceedings consistent with this summary disposition order.

DATED:  Honolulu, Hawai'i, June 18, 2015.

On the briefs:

Richard L. Holcomb,
for Defendant-Appellant.

Presiding Judge

James M. Anderson and
Sonja P. McCullen,
Deputy Prosecuting Attorneys,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

Associate Judge